IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tolu Odugbesan,<br>    Plaintiff<br><br>  v.<br><br>Lundbeck, Inc., an Illinois corporation and<br>Kaya Pai-Panandiker, an individual.<br><br>    Defendants. | Case No:<br><br>Judge: |

## COMPLAINT

Plaintiff Tolu Odugbesan, by and through her attorneys HR LAW COUNSEL, LLC, and for her Complaint against Defendants Lundbeck, Inc., an Illinois corporation, and Kaya Pai-Panandiker, an individual, alleges as follows:

### NATURE OF THE ACTION

1. This is an action seeking redress for the violations of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendants' discriminatory employment practices as well as wages owed to her under the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS 115.

### PARTIES

2. Odugbesan is an African American citizen of the United States who resides in Chicago, Illinois.

3. Defendant Lundbeck, Inc. ("Lundbeck") is a for-profit Illinois corporation with headquarters at Four Parkway North, Deerfield, Illinois, 60015. Lundbeck sells pharmaceuticals in more than 85 countries, including the United States.

1

4. On information and belief, Defendant Kaya Pai-Panandiker is of Indian-descent and a citizen of the United States who resides in Chicago, Illinois. At all times relevant to this action, Lundbeck employed Pai-Panandiker as Senior Director and then a Vice President in the Psychiatry Marketing Division. Pai-Panandiker became Odugbesan's direct supervisor in September 2015, and is the principal perpetrator of the discriminatory acts against Odugbesan described in her compliant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), to 28 U.S.C. § 1367, and 42 U.S.C. § 1988.

6. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C.

§ 1391(b) and (c) because the unlawful employment practices complained of occurred within this district.

## FACTUAL BACKGROUND

7. Plaintiff began her employment with Lundbeck in December 2014 as an Associate Director, Marketing Manager in the Psychiatry Marketing Division and her primary role was to manage a team that was launching a Lundbeck drug, Rexulti (also known as Brexpriprazole) in the United States.

8. Although Plaintiff's responsibilities were significantly altered after Pai-Panandiker took over Plaintiff's department, Plaintiff remained an Associate Director until her termination on December 5, 2016.

9. Since September 2015, Pai-Panandiker was Odugbesan's direct supervisor. Pai-Panandiker discriminated against Odugbesan based on her race in the terms and conditions of her

employment by, among other things: a) disciplining Odugbesan for alleged interpersonal skills deficiencies under circumstances under which similarly situated employees outside of Odugbesan's protected class were not disciplined; b) disciplining Odugbesan for alleged deficiencies relating to her physical presence and participation during meetings under circumstances under which similarly situated employees outside of Odugbesan's protected class were not disciplined; c) placing Odugbesan on a Performance Improvement Plan ("PIP") for alleged performance issues that would not have occurred if Odugbesan was treated in the manner that similarly situated employees outside of Odugbesan's protected class were treated; d) Failing to adhere to the requirements of the PIP in ways and under circumstances that were not applied to similarly situated employees outside of Odugbesan's protected class; e) subjecting Odugbesan to a 360 degree performance evaluation that was openly discussed and known to other marketing team members and managers when similarly situated employees outside of Odugbesan's protected class were not required to do so; and, g) by terminating Odugbesan's employment for alleged performance deficiencies, including the unsubstantiated, yet successfully completed, PIP, when other employees outside of Odugbesan's protected class who had committed the same or more egregious infractions were not terminated.

10. Throughout 2015 and 2016, Plaintiff received industry-wide recognition for her marketing campaigns. She is known throughout this medical marketing community as a rising star and thought leader. Defendants have made their objectively unfounded assessments of Plaintiff known throughout the Company and, thus, the industry. Defendants' messaging regarding Plaintiff's performance and termination is defamation *per se*.

11. Per Lundbeck's bonus schedule, Odugbesan is owed $31,620 for the work she performed between January and December of 2016. This is an earned bonus, which Odugbesan is fully entitled to per the Company's policies. However, Lundbeck refused to pay these earned wages.

12. Lundbeck did not compensate Odugbesan for all earned vacation time which Odugbesan is entitled.

13. Further, Lundbeck terminated Odugbesan one month prior to her 2014 Long Term Incentive bonus of $25,000 coming due.

14 Pai-Panandiker's treatment and assessment of Odugbesan in late 2015 and Odugbesan's status of being placed on a PIP in 2016 had the effect of disqualifying Odugbesan from a 2015 or 2016 LTI bonus allotment.

## STATEMENT OF CLAIMS

### COUNT ONE: UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. § 1981
**(against Lundbeck and Pai-Panandiker)**

15. Plaintiff restates and realleges Paragraphs 1 through 14 of the Complaint as though fully set forth herein.

16. Plaintiff is a member of a protected class due to her race.

17. Plaintiff was meeting Lundbeck's legitimate expectations.

18. Defendants discriminated against Plaintiff because of her race in the terms and conditions of her employment and by terminating Plaintiff's employment.

19. As a direct and proximate result of Defendants' discrimination, Plaintiff has lost and will continue to lose substantial income and employment benefits that are due her.

20. As a further direct and proximate result of the unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, great humiliation and emotional distress.

21. Defendants' discriminatory conduct toward Plaintiff was done intentionally and with malice and/or reckless disregard of Plaintiff's civil rights.

### COUNT TWO: ILLINOIS WAGE PAYMENT COLLECTION ACT
### (against Lundbeck and Pai-Panandiker)

22. Plaintiff restates and realleges Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Plaintiff earned a performance bonus for the year 2016 and is entitled to earned unused vacation pay and long-term incentive payments for years 2014-2016. Plaintiff's bonuses and incentives are "wages" under the Illinois Wage Payment Collection Act. Thus, Plaintiff is entitled to recover the amount of her bonuses and incentives, applicable liquidated damages and penalties, plus costs and reasonable attorney's fees.

### COUNT THREE: CONVERSION – ILLINOIS COMMON LAW
### (against Lundbeck)

24. Plaintiff restates and realleges Paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Plaintiff has a right to all wages and accrued time earned while an employee of Lundbeck.

26. Plaintiff earned a performance bonus for the year 2016 and is entitled to long-term incentive payments for years 2014-2016. Plaintiff's bonuses and incentives are "wages" under the Illinois Wage Payment Collection Act.

27. Lundbeck unlawfully retained a determinate and identifiable amount of all such wages and accrued time Plaintiff earned while an employee of Lundbeck.

28. Plaintiff gained a right to immediate possession of such wages after Lundbeck's unlawful withholding and retention of same.

29. At the end of her employment with the Company, Lundbeck possessed and continues to possess wrongful control over Plaintiff's earned wages by withholding monies from her final compensation and retaining the amounts due and owing to Plaintiff.

30. On or about December 6, 2016, Plaintiff made a demand for wages due her for work performed in 2015 and 2016.

31. Lundbeck refused Plaintiff's demand. Thus, Lundbeck has converted these unearned wages and Plaintiff is entitled to recover the amount of her bonuses and incentives.

## COUNT FOUR: DEFAMATION
### (against Lundbeck and Pai-Panandiker)

32. Plaintiff restates and realleges Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. On March 22, 2016, Defendants issued Plaintiff a PIP in which Pai-Panandiker stated that Plaintiff: would routinely leave work and shirk her responsibilities; and was difficult to work with.

34. Plaintiff challenged the validity of the statements contained in the PIP.

35. In response, Defendants performed a 360-degree evaluation of Plaintiff in which several managers and coworkers were questioned about Plaintiff's work ethic, attendance, and attitude.

36. The completed 360-degree review did not substantiate Defendants' claims. In fact, many of the participants plainly contradicted Defendants' allegations.

37. Despite the 360-degree evaluation not substantiating Defendants' unfair and ill-motivated critiques of Plaintiff, the PIP remained in effect.

38. According to the PIP, Plaintiff was supposed to have regular check-in meetings with Pai-Panandiker to assess progress per the PIP checkpoints and requested deliverables.

39. Other than a mid-PIP conversation where Pai-Panandiker generally stated that Plaintiff was meeting expectations under the PIP, there were no other check-in meetings.

40. Plaintiff successfully completed the PIP after it was unexplainably continued for several weeks beyond its original termination date.

41. Despite the 360-degree evaluation's contradictory findings, Pai-Panandiker's own statements that the alleged issues were no longer issues, and the successful completion of the PIP, Plaintiff was terminated for the same alleged problems: attitude, attendance and work-ethic.

42. Beyond the PIP, 360-degree process, and the termination itself, which all served to make Pai-Panandiker's issues with Plaintiff public rumor mill fodder. Upon information and belief, Pai-Panandiker regularly described Plaintiff as unreliable, conniving, generally untalented, and wrongfully recognized in the industry, or words and sentiments to that effect to be proven at trial.

43. Pai-Panandiker's motivations behind these statements were borne of personal and professional animosities.

44. Upon information and belief, Pai-Panandiker desired to push Plaintiff out of Lundbeck in favor of other Indian employees.

45. Despite objectively verifiable information from various sources, including Pai-Panandiker herself, Defendants continued to defame Plaintiff. That Defendants continued to make such statements in the face of objectively contrary evidence can only mean that they intended to harm Plaintiff and her reputation.

7

46. These facts also defeat any argument that the defamatory comments should meet some sort of innocent construction defense.

47. Thus, Defendants have defamed Plaintiff's reputation within the industry giving rise to reputational harm and applicable damages to be determined by a jury.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that, after trial by jury, this Court enter judgment against Defendants and further requests each of the following to compensate her for Defendants' unlawful discrimination:

a. Backpay and prejudgment interest;

b. Reinstatement to her prior position;

c. Compensatory damages for Plaintiffs' mental anguish, pain and suffering, and other non-pecuniary losses;

d. Punitive damages;

e. Plaintiff's attorneys' fees and costs of this action;

f. Reputational damages;

g. An order enjoining defendants from engaging in the illegal employment practices detailed herein; and,

h. Such other relief as may be just and equitable.

**PLAINTIFF DEMANDS TRIAL TO A JURY OF ALL ISSUES SO TRIABLE.**

Dated: February 27, 2017

    Respectfully submitted,

    By: s/ Ethan G. Zelizer,
    Attorney(s) for Plaintiff
    Ethan G. Zelizer, #6280096
    John M. Liston, #6309558
    HR Law Counsel, LLC
    50 S. Main Street, Suite 200
    Naperville, IL. 60565
    Telephone: 630.551.8374
    Facsimile: 630.566.0705
    Email: ethan@hrlawcounsel.com